UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

SCOTT HOWARD KIMBALL (1),
Defendant.

Criminal No. 15CR0902-JLS

**ORDER DENYING DEFENDANT'S MOTIONS FOR NEW TRIAL**

[ECF Nos. 112 and 146]

Pending before the Court are two motions for a new trial filed by Defendant Kimball, the first filed by trial counsel (ECF No. 112) and the second filed by new counsel appointed after Defendant raised a claim that his trial counsel rendered ineffective assistance during the trial proceedings (ECF No. 146). Oral argument was held on the motions on August 19, 2016. Defendant was represented by counsel Julie Blair, the United States was represented by Assistant U.S. Attorney Jarad E. Hodes. Having now fully considered the submissions and argument of the parties, and applicable authorities, the Court will deny both motions.

**Background**

Defendant Scott Howard Kimball and a Codefendant, Amanda Lee Garcia, were charged with interference with commerce by robbery in violation of 18 U.S.C. § 1951. (ECF No. 17). The charge stemmed from the robbery of a United State Post Office in

the Rancho Bernardo neighborhood of San Diego on January 21, 2015. (Complaint, ECF No. 1, at 2). Codefendant Garcia entered a guilty plea to a superseding information charging her with accessory after the fact to the robbery. (ECF Nos. 32, 34). Defendant Kimball entered a plea of not guilty and a jury trial was commenced on October 19, 2015. After two days of testimony and evidence, including Codefendant Garcia's testimony implicating Defendant Kimball as the robber, the jury returned a guilty verdict on October 21, 2015. (ECF No. 91).

Defendant's trial counsel filed a motion for new trial alleging a *Brady* violation and concurrently filed a "Declaration Re: Conflict" indicating that Defendant Kimball sought to purse a claim of ineffective assistance of counsel during trial and requesting the appointment of new counsel. (ECF No. 113). Over the Government's objection, the Court appointed new counsel and continued the hearing on Defendant's motion for new trial. (ECF No. 126). Defendant subsequently filed a second motion for new trial on the grounds that his trial counsel was ineffective. (ECF No. 146).

**Analysis**

1. <u>Defendant's First Motion for New Trial</u>

In his first motion, Defendant contends that a new trial is warranted because the Government failed to disclose that a reward had been offered by the United States Postal Inspection Service for information leading to the arrest of the robber. Defendant contends that this evidence could have been used to cast doubt upon the credibility of witnesses called by the Government by suggesting that their testimony was colored by a desire to earn the reward money. The Government responds that no relief is warranted because the evidence was not favorable to the defense and because Defendant cannot establish prejudice resulting from the non-disclosure.

The law governing the prosecution's obligation to disclose evidence beneficial to the defense is well-settled. *United States v. Sarno*, 73 F.3d 1470, 1504 (9th Cir. 1995). A prosecutor's failure to disclose evidence favorable to an accused violates due process when the evidence is material either to guilt or punishment. *Id.*, citing *Brady v.*

*Maryland*, 373 U.S. 83 (1963) and *United States v. Bagley*, 473 U.S. 667 (1985). The rule of *Brady* and its progeny applies even in the absence of a defense request and extends to both exculpatory and impeachment evidence. *Id.*, citing *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) and *Bagley*, 473 U.S. at 682. Evidence is held to be material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*., quoting *Kyles*, 514 U.S. at 433. A "reasonable probability" of a different result is shown when the Government's evidentiary suppression "undermines confidence in the outcome of the trial." *Id.*

Based upon the uncontested declaration of Postal Inspector Tsai (ECF No. 124-1), the Court finds that the reward offer was not favorable to the defense because each government witness to testify at trial was either not aware of the reward, or if aware, was not eligible to receive it. Thus, the fact of the reward carried no impeachment value because it could not have served as a motivating factor for any of the witnesses' testimony. Furthermore, the witnesses' lack of awareness or ineligibility for the reward cuts against any possible showing of prejudice. Even if the witnesses had been cross-examined about the reward offer, the substance of their testimony would not have changed. Therefore, the Court cannot conclude that the result of the proceeding would have been different, or that the failure to disclose the reward offer undermines confidence in the jury's verdict.

2. Defendant's Second Motion for New Trial

In his second motion for a new trial, Defendant claims that trial counsel was ineffective in several regards: Defendant contends that trial counsel failed to investigate the case and present exculpatory eyewitness evidence; failed to call investigating police officers; failed to call a forensic chemist; failed to call into question the cooperating codefendant's description of the gun; and otherwise failed to vigorously cross-examine the cooperating codefendant, Amanda Garcia. The Government responds that Defendant's second motion for new trial is untimely, that the ineffective assistance of counsel claims should not be considered pre-judgment, and that Defendant's ineffective

assistance of counsel claim fails on the merits.

As an initial matter, the Court sees no good reason to preempt Defendant's motion on timeliness or pre-judgment justiciability grounds, particularly now that significant time and resources have been expended to reach this juncture.[1] The Court has the discretion to hear both an untimely motion for new trial[2] and an ineffective assistance of counsel claim brought pre-judgment.[3] The Court maintains its belief that it is in a better position to determine the issues now, while the trial is fresh in the Court's memory and Defendant has the assistance of counsel, than to delay any inquiry into Defendant's ineffective assistance of counsel claim until a Section 2255 motion is filed. Furthermore, the Court would prefer to hear and consider Defendant's claims now in order to ensure its own confidence in the fairness of the trial proceedings. Thus, the Court will consider Defendant's claim on the merits.

Rule 33 of the Federal Rules of Criminal Procedure provides in relevant part that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court's power to grant a motion for new trial is "much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). If the court determines "that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination to another jury." *Id*. at 1211–12.

To prevail on an ineffective assistance of counsel claim, a defendant must show

---

[1] The Government opposed Defendant's request for the appointment of counsel when it was made six months ago and took the position that a pre-judgment motion for new trial based upon ineffective assistance of counsel would not be appropriate in this case. The Court nevertheless exercised its discretion to appoint new counsel and continued the hearing on the motion for new trial so that any additional claims could be presented by new counsel. ECF Nos. 126, 129.

[2] Defendant's second motion for new trial, although filed outside the 14-day time period established by Rule 33(b)(2), was filed in accordance with the time limits established by the Court. Rule 33 is not jurisdictional and is therefore subject to the time-modification provisions of Rule 45(b) of the Federal Rules of Criminal Procedure. *United States v. Owen*, 559 F.3d 82, 83-84 (2nd Cir. 2009), citing *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam).

[3] *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013).

that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* The Court need not address both prongs if the defendant alleging ineffective assistance makes an insufficient showing on one. *Id.* at 697 (stating, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

In this case, the Court has not been presented with any evidence to determine whether trial counsel's performance "fell below an objective standard of reasonableness under prevailing norms of practice." *Id.* at 687-88. Although Defendant argues that the failure to interview witnesses establishes deficient performance *per se*, the evidence before the Court is insufficient to determine what, if any, witnesses were interviewed by trial counsel and whether an adequate investigation was performed by him.

Defendant has demonstrated that an investigator was hired during the days before trial to "assist [defense counsel] in gathering statements from individuals involved with the [Defendant's] case." (Declaration of Michael Bea, ECF No. 146-3). According to the investigator, he was only directed to attempt to contact two witnesses who were eye-witnesses to the robbery (Utes/Meyers) and that instruction did not occur until the trial began. *Id.* However, it is not known whether trial counsel himself interviewed any of the witnesses, what other investigation was conducted prior to trial, or what strategic determinations impacted counsel's decisions.[4]

[4] At the oral argument, current counsel presented a declaration from a second investigator indicating that she had contacted several witness in the weeks leading up to the hearing, but the declaration does not address the question of whether trial counsel had contacted them previously. More importantly, the declaration fails to reveal any witness statement inconsistent with the evidence presented at trial.

Neither party has offered any evidence from trial counsel regarding his actions or strategy in this case.[5] Accordingly, the Court makes no finding regarding counsel's performance in this matter. However, the Court finds this determination unnecessary because Defendant has failed to demonstrate the second prong of the *Strickland* analysis – a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Defendant's motion identifies three areas of evidence impacted by the allegedly deficient performance of counsel: the eyewitness identifications of the robber; the forensic evidence tying the vehicle used in the robbery to the defendant; and the reliability and bias of Codefendant Garcia. However, Defendant makes no showing that, had trial counsel acted in the manner now suggested, the evidence at trial would have differed in any significant way.

First, with respect to the eyewitness descriptions of the robber, there is no dispute that the descriptions, as reflected in the police reports, contain varying details about the robber. According to Defendant, at least four of the descriptions describe the robber as a black male, many describe the suspect as a young man, and there a variety of clothing descriptions. As previously discussed, Defendant, a 50-year old Caucasian male, faults trial counsel for failing to interview the eyewitnesses, and also for failing to call witnesses at trial to testify regarding the discrepancies in the eyewitness descriptions of the robber.

However, trial counsel *did* present evidence at trial that at least three witnesses to the robbery described the robber as being a black male. Although this evidence was presented through stipulation and cross-examination of the case agent, the jury was aware that several witnesses had described the robber as a black male. In the Court's view, any further benefit to be gained through additional testimony regarding the discrepancies

---

[5] In his Declaration Re: Conflict, trial counsel, aware of Defendant's desire to request a new trial on the basis of ineffective assistance of counsel, indicated he would not file a motion in that "there were decisions I made as a tactical matter." (ECF No. 113).

between eyewitness descriptions of the robber is vastly exaggerated by Defendant, given the circumstances of this case.

The evidence at trial, which included video surveillance footage of the robbery and the robber from multiple vantage points, established that the robber undertook significant efforts to conceal himself. Victims and eyewitnesses described the robber as being "covered from head to toe," wearing a hoodie, sunglasses, gloves, and long baggy shorts with knee socks. Codefendant Garcia testified that prior to the robbery, Defendant painted his exposed skin with black face paint stolen from Party City. Thus, the fact that witnesses had difficulty uniformly describing the physical characteristics of the robber is not particularly surprising, and not particularly useful because this was simply not a case which rested on the strength of eyewitness identification testimony. None of the testifying witnesses, other than Codefendant Garcia, identified Defendant Kimball as the robber. Furthermore, the jurors could view for themselves the appearance of the robber from the surveillance footage. Thus, the Court is not persuaded that pointing out additional discrepancies in various eyewitness identifications of the robber would have had any impact on the result of the proceedings.

Defendant also faults trial counsel for failing to call a forensic chemist to testify as to the lack of scientific evidence linking Defendant to the robbery. Again, this evidence was elicited by trial counsel, although not in the manner Defendant contends it should have been. Through cross-examination of the case agent, trial counsel established that a forensic search of the vehicle used in the robbery was conducted several weeks after the robbery and that agents didn't find any trace evidence, fingerprints, or fiber evidence. (ECF No. 136 at 101-02). Thus, the jury knew of the lack of forensic evidence in this case. Furthermore, as the Government points out, trial counsel's failure to present this evidence through a forensic chemist precluded the Government from questioning the chances of finding reliable forensic evidence in a rental vehicle which had allegedly been cleaned up and was not discovered until two weeks after the robbery.

Similarly, the credibility of Codefendant Garcia was vigorously attacked by trial counsel, although not in the manner Defendant contends it should have been. Defendant argues that trial counsel failed to call into question Codefendant Garcia's description of the gun and otherwise failed to rigorously cross-examine her. However, Codefendant Garcia's description of the gun as a black toy gun with an orange tip was brought out by trial counsel through cross-examination of the case agent, as was the fact that the gun was described by witnesses as silver-colored. Moreover, the coloring of the gun was plainly visible to the jury in numerous trial exhibits, including the surveillance video from the robbery. Trial counsel also conducted an extensive cross-examination of Codefendant Garcia, establishing the favorable disposition of her case pursuant to plea agreement, her drug use, her repeated meetings with the Government, and the multiple versions of her accounts of the day of the robbery. Trial counsel also went through multiple inconsistent statements of Codefendant Garcia during his cross-examination of the case agent.

Thus, in spite all of the errors Defendant alleges to have occurred, the jury was nevertheless presented with evidence that witnesses described the robber as a black man, that there was no forensic evidence linking Defendant to the robbery, that Codefendant Garcia's description of the gun was inaccurate, and that she was a flawed witness in many other regards. Therefore, particularly in light of the strength of the other evidence in this case, including the corroboration of key aspects of Codefendant Garcia's testimony, the Court is not able to conclude that the result of the trial would have been any different had trial counsel taken the approach now urged by Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## Conclusion

For the reasons set forth above, the Court is not persuaded that the interest of justice would be served by granting a new trial in this matter. Accordingly both of Defendant's motions for new trial are **Denied**.

IT IS SO ORDERED.

DATED: September 8, 2016

Honorable Janis L. Sammartino
United States District Judge